IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A. DALE LESTER, and
PATRICIA A. LESTER,

        Plaintiffs,

v.                              CIV. No. 98-1212 JP/WWD

UNITED STATES OF AMERICA,
DELLA R. CHAVEZ and MICHELLE
ALVARADO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On October 5, 1998, Plaintiffs filed their Complaint alleging claims for contempt of an Order of the Bankruptcy Court, violation of a bankruptcy stay in contravention of 11 U.S.C. §362, and unauthorized disclosure of tax information under 26 U.S.C. §§ 6103 and 7431. On March 4, 1999, Defendants filed their "Motion to Dismiss or for Summary Judgment" (Doc. No. 7). After a careful review of the law and of the briefs, I conclude that the motion should be granted in part and denied in part.

### Background

On December 31, 1996, Plaintiffs filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of New Mexico. Defendants' Exhibit J, Docket Sheet for In re Lester. On April 28, 1997, Plaintiffs filed a complaint in bankruptcy court against the United States to determine the validity and priority of tax liens. Defendants' Exhibit K, Docket Sheet for Lester v. United States. On July 8, 1998, United States Bankruptcy Judge Mark

McFeeley entered a Memorandum Opinion in which he concluded that the Internal Revenue Service ("IRS") had a valid, but unsecured, priority claim against the Plaintiffs in the amount of $75,416.56. Defendants' Exhibit B. On July 21, 1998, Plaintiffs agreed to the dismissal of the bankruptcy proceeding. Defendants' Exhibit C. On July 24, 1998, the IRS filed a Notice of Federal Tax Lien in Santa Fe County and sent Plaintiffs a Notice of Intent to Levy. Defendants' Exhibits D, E, N, and O. Then, on July 30, 1998, Judge McFeeley entered an Order of Dismissal in the bankruptcy proceeding. Defendants' Exhibit J. On August 20, 1998, the IRS filed a second Notice of Federal Tax Lien. Defendants' Exhibits G and N. On December 7, 1998, approximately two months after Plaintiffs filed their complaint in this action, the IRS withdrew both the July 24, 1998 and the August 20, 1998 Notice of Federal Tax Lien. Defendants' Exhibits H, I, and N. However, a third Notice of Federal Tax Lien, filed October 30, 1998, still encumbers Plaintiffs' property. See Declaration of A. Dale Lester and Patricia A. Lester and attached exhibits.

## Analysis

**A.    Claims for contempt of court and violation of bankruptcy stay**

Defendants argue that Plaintiffs' claims for contempt of court and for violation of the bankruptcy stay should be heard by the bankruptcy court. Defendants reason that the bankruptcy court, which entered the order that Plaintiffs contend Defendants have violated, is the logical forum for those claims. Plaintiffs, while arguing that this court has jurisdiction to hear their claims for contempt and for violation of the bankruptcy stay, appear to acknowledge that this court may elect to refer the claims to the bankruptcy court.

In an Administrative Order entered March 19, 1992, the United States District Court for

2

the District of New Mexico declared that, in accordance with 28 U.S.C. § 157, "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law." Plaintiffs' claims arise under Title 11 and are closely related to a case brought under Title 11. Furthermore, logic dictates that claims of violation of a court order and bankruptcy stay are best disposed of by the court issuing the order and the stay. Consequently, Defendants' motion to dismiss these claims in this action should be granted so that they may be addressed in bankruptcy court.

**B.     Claim of unauthorized disclosure of tax information**

In their third cause of action, Plaintiffs claim that Defendants violated 26 U.S.C. §6103(a), which states the general rule that no government employee "shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee."[1] Plaintiffs contend that Defendants made an unauthorized disclosure of Plaintiffs' tax information when Defendants filed an improper notice of tax lien. Defendants argue, first, that the disclosure was authorized by law because the information was disclosed under an exception to Section 6103(a) for the filing of liens. Second, Defendants assert that the possible illegality of the notice of tax lien under which the information was disclosed is irrelevant to a determination of liability under Sections 6103(a) and 7431(a)(1).

As Defendants point out, 26 U.S.C. § 6103(k)(6) contains an exception to Section 6103(a)'s general prohibition against disclosure of tax information. Section 6103(k)(6) provides,

---

[1] Section 7431(a)(1) creates a cause of action for taxpayers whose rights under Section 6103 have been violated, and states "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

3

in pertinent part:

> An internal revenue officer or employee may, in connection with his official duties relating to any audit, *collection activity*, or civil or criminal tax investigation *or any other offense under the internal revenue laws*, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. *Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.*

(emphasis added). Thus, Section 6103(k)(6) permits disclosure by IRS agents in connection with collection activities, which may include the filing of liens. The regulations promulgated by the Department of the Treasury further clarify that IRS officials may disclose tax information in collection activities, which includes the filing of liens:

> In connection with the performance of official duties relating to any examination, *collection activity*, civil or criminal investigation, enforcement activity, or other offense under the internal revenue laws, an officer or employee of the Service or Office of the Chief Counsel therefor is authorized to disclose return information (as defined in section 6103(b)(2)) in order to obtain necessary information relating to the following--
> \*\*\*
> (6) To establish or verify the financial status or condition and location of the taxpayer against whom collection activity is or may be directed, to locate assets in which the taxpayer has an interest, to ascertain the amount of any liability described in subparagraph (3) of this paragraph to be collected, *or otherwise to apply the provisions of the Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any such liability*;

In examining these statutes and regulations, the Tenth Circuit has stated that "[i]t is undisputed that §6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens and levies. Thus, the general rule is that liens and levies do not constitute unauthorized disclosure under § 6103." Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1992).

4

However, the question remains whether disclosure is unauthorized under Section 6103 if the lien or levy is itself improper. At least three Circuit Courts of Appeals have stated that the validity of the underlying collection activity is not relevant in determining whether a disclosure of tax information is wrongful. See Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("[T]he validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("Thus, the propriety of the underlying collection action, in this instance the validity of the levy, is irrelevant to whether disclosure is authorized under section 6103 and the basis for liability under section 7431."); Huff v. United States, 10 F.3d 1440, 1447 (9th Cir. 1993) (holding that defects in collection procedures underlying levy notices do not subject the IRS to liability for disclosure of return information despite provisions of § 6103(k)(6)). But see Rorex v. Traynor, 771 F.2d 383, 386 (8th Cir. 1985) ("disclosure in pursuance of an unlawful levy violates the confidentiality requirements of section 6103(a) and is not authorized under section 6103(k)(6)" (footnote omitted)).

The position of the Tenth Circuit on this issue is somewhat ambiguous. However, in a fairly recent unpublished opinion, the Tenth Circuit rejected a plaintiff's argument that the underlying means of disclosure of information—in that case, summons, notice of levy, and circular letter—must be valid before the government may take advantage of the safe harbor of 26 U.S.C. § 6103(k)(6). Spence v. United States, No. 96-2196, 1997 WL 314836 (10th Cir. June 12, 1997). In Spence, the court stated that such an interpretation would go "against the plain wording of the statute and case law." Id. at **2. The court also cited with approval the cases from other circuits, such as Wilkerson, Venen, and Huff, which rejected a similar argument.

Although Spence is an unpublished opinion and is therefore persuasive rather than binding precedent, Spence's interpretation of Sections 6103(a) and 6103(k)(6) is logical and well-reasoned. In addition, it is in accord with the decisions of most of the circuits that have addressed the issue. Consequently, the disclosure of Plaintiffs' tax information via the filing of the notice of a tax lien is not actionable under 26 U.S.C. §§ 6103(a) and 7431(a)(1). Defendants' motion for summary judgment on this claim should be granted.

**C.  Claim of negligent disregard of provisions of the tax code**

Despite the fact that Plaintiffs' complaint does not specifically allege a violation of 26 U.S.C. § 7433, Defendants argue that any such claim that Plaintiffs may have intended to assert under that provision should be dismissed for failure to exhaust administrative remedies. However, Plaintiffs have clarified that they do not intend to state a claim under 26 U.S.C. § 7433. Plaintiffs' Response at 8, fn. 3. Consequently, Defendants' motion to dismiss this claim should be denied as moot.

**D.  Claims against the individual Defendants**

Defendants Della R. Chavez and Michelle Alvarado contend that they have never been properly served and therefore should be dismissed as defendants in this lawsuit. Plaintiffs do not object to the dismissal of the individual defendants. Plaintiff's Response at 8. Consequently, Defendants' motion to dismiss the individual Defendants should be granted.

IT IS THEREFORE ORDERED that:

(1)  Defendants' motion to dismiss Plaintiffs' claims for contempt of court and for violation of the bankruptcy stay is GRANTED and those claims are DISMISSED with leave to refile in the United States Bankruptcy Court for the District of New

6

Mexico;

(2) Defendants' motion for summary judgment on Plaintiffs' claim of unauthorized disclosure of tax information is GRANTED;

(3) Defendants' motion to dismiss Plaintiffs' claim of negligent disregard of provisions of the tax code under 26 U.S.C. § 7433 is DENIED as moot; and

(4) Defendants' motion to dismiss Plaintiffs' claims against the individual defendants is GRANTED and those claims are DISMISSED with prejudice.

_____
**UNITED STATES DISTRICT JUDGE**